# NOS. 12-12-00383-CR
## 12-12-00384-CR
## 12-12-00385-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRAVIS MOULTRIE,*<br>*APPELLANT* | § | *APPEALS FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Travis Moultrie appeals the trial court's revocation of his deferred adjudication community supervision, following which he was adjudicated "guilty" of possession of between four ounces and five pounds of marijuana and of possession of between four ounces and two hundred grams of cocaine. Appellant also appeals the revocation of his community supervision, following which he was sentenced to two years for possession of between four ounces and five pounds of marijuana. And finally, Appellant appeals another conviction for possession of between four ounces and five pounds of marijuana. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of between four and two hundred grams of cocaine. In the same cause, Appellant was charged by information with possession of between four ounces and five pounds of marijuana. Appellant pleaded "guilty" to both offenses as charged.

The trial court deferred finding Appellant guilty of these charges and placed him on community supervision for eight years for possession of cocaine and three years for possession of marijuana.[1]

In a separate cause, Appellant was charged by information with possession of between four ounces and five pounds of marijuana and pleaded "guilty." The trial court found Appellant guilty and sentenced him to confinement for two years, but suspended the sentence and placed Appellant on community supervision for three years.[2]

In another cause, Appellant was charged by information with possession of between four ounces and five pounds of marijuana."[3]

The State filed motions to revoke Appellant's community supervision in cause numbers 12-12-00383-CR and 12-12-00384-CR. The trial court conducted a hearing on the matter. At the hearing, Appellant pleaded "true" to the allegations in the State's motions to revoke and, further, pleaded "guilty" as charged in cause number 12-12-00385-CR. On October 26, 2012, the matter proceeded to a hearing on punishment. Ultimately, the trial court revoked Appellant's community supervision in cause numbers 12-12-00383-CR and 12-12-00384-CR and adjudicated him "guilty" in cause numbers 12-12-00383-CR and 12-12-00385-CR. Thereafter, the trial court sentenced Appellant as follows: (1) imprisonment for twelve years for possession of cocaine and confinement for two years for possession of marijuana in cause number 12-12-00383-CR;[4] (2) confinement for two years for possession of marijuana in cause number 12-12-00384-CR; and (3) confinement for two years for possession of marijuana in cause number 12-12-00385-CR. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with ***Anders v. California*** and ***Gainous v. State***. Appellant's counsel relates that he has diligently reviewed the appellate record in each cause and is of the opinion that the record reflects no reversible error and that there is no error upon which

---

[1] Appellate cause number 12-12-00383-CR. Appellant waived indictment with regard to the possession of marijuana charge. Ultimately, Appellant was charged with this offense by information. Appellant was placed on community supervision by order dated September 10, 2007.

[2] Appellate cause number 12-12-00384-CR.

[3] Appellate cause number 12-12-00385-CR.

[4] The trial court signed a judgment reflecting its pronouncement of Appellant's sentence. However, the court subsequently signed a corrected judgment removing any reference to Appellant's conviction for possession of marijuana and sentence of confinement for two years. The record reflects that the trial court rendered an order of dismissal and discharge from community supervision related to the possession of marijuana charge in cause number 12-12-00383-CR on September 16, 2010.

these appeals can be predicated. He further relates that he is well acquainted with the facts in each case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the cases and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[5] We have likewise reviewed the record in each cause for reversible error and have found none.

## Conclusion

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted*, and the judgments of the trial court are *affirmed*.

As a result of our disposition of these cases, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] Counsel for Appellant certified in his brief that he provided Appellant with a copy of the brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2013**

**NOS. 12-12-00383-CR**

**TRAVIS MOULTRIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th Judicial District Court

of Angelina County, Texas. (Tr.Ct.No. CR-27284)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-12-00384-CR

### TRAVIS MOULTRIE,
Appellant

V.

### THE STATE OF TEXAS,
Appellee

---

Appeal from the 159th Judicial District Court
of Angelina County, Texas. (Tr.Ct.No. CR-29224)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

5



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 31, 2013

### NO. 12-12-00385-CR

**TRAVIS MOULTRIE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th Judicial District Court
of Angelina County, Texas. (Tr.Ct.No. 2012-0557)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*